UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-144 MWF (RAOx)                                    Date:  March 30, 2021
Title:    *Leemanuel Weilch v. A5 Liquor Inc., et al.*

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DISMISSING ACTION WITHOUT PREJUDICE AS TO DEFENDANT A5 LIQUOR INC. ONLY

On January 7, 2021, Plaintiff Leemanuel Weilch commenced this action against Defendants A5 Liquor Inc. and Rosewood Management LLC.  (Complaint (Docket No. 1)).  On March 3, 2021, Plaintiff filed a Proof of Service ("POS") reflecting service of the Summons, Complaint, ADA Disability Access Litigation Packet ("ADA Packet") on Defendant A5 Liquor Inc. on February 4, 2021.  (Docket No. 12).

On March 8, 2021, the Court issued an Order directing Plaintiff to show cause ("OSC"), by no later than March 22, 2021, why the action should not be dismissed for lack of prosecution as to Defendant A5 Liquor Inc.  (Docket No. 13).  (The Court is not addressing the required response to the OSC as to Defendant Rosewood Management LLC, because that time to respond has not expired.)  Defendant A5 Liquor Inc. has not filed a response to the Complaint, or an ADA Application for Stay and Early Mediation, and Plaintiff has not filed an Application for Clerk to Enter Default as to this Defendant.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 21-144 MWF (RAOx) | **Date:** March 30, 2021 |
| **Title:** *Leemanuel Weilch v. A5 Liquor Inc., et al.* | |

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution is warranted. Plaintiff was specifically warned that any request for an extension of time to serve Defendant must include the date service was tendered to a process server (*i.e.*, Interstate) and the date service was first attempted. Plaintiff has failed to include that information or justified why an extension of time to effect service is warranted.

Accordingly, the action is **DISMISSED** *without prejudice* as to Defendant A5 Liquor Inc. *only*.

IT IS SO ORDERED.